IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAMON JONES                                                                          PLAINTIFF


V.                                    CIVIL NO. 1:10-cv-01006

SHERIFF DANNY FOSTER; and
CPT. TRUMAN YOUNG                                                            DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Damon Jones filed this case *pro se* and *in forma pauperis* on January 28, 2010 under 42 U.S.C. § 1983. ECF No. 1. Now before the Court is Defendant's Motion to Dismiss. ECF No. 42. Plaintiff has not responded to the Motion.

Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. For the following reasons, it is the recommendation of the undersigned that the above style case be dismissed with prejudice.

I.      **BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Columbia County Detention Center. According to Plaintiff's last known address he is no longer incarcerated.

On September 14, 2012, the Court received mail sent to Plaintiff at 1401 S. Garfield, Little Rock, Arkansas 72204 returned as undeliverable. On September 19, 2012, Defendants filed a Motion to Dismiss. ECF No. 42. In this Motion, Defendants move the Court to dismiss this case based on Plaintiff's failure to keep the Court informed of his current address. The Court issued

1

a Show Cause Order on October 1, 2012 giving Plaintiff until October 12, 2012 to show cause why this action should not be dismissed based on his failure to keep the Court informed of his current address.  Plaintiff did not respond to the Court's Show Cause Order.

Further, the Court has advised Plaintiff no less than three times that he must keep the Court informed of his current address.  ECF Nos. 3, 39, & 44.  On August 28, 2012 the Court specifically advised Plaintiff:

> it is his responsibility to keep the Court informed of his current address and that he must notify the Court as soon as there is a change in his address.  Any future failure to keep the Court informed will result in the dismissal of this action.

ECF No. 39, p. 2.

## II.   APPLICABLE LAW

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only the he acted intentionally as opposed to accidentally or

2

involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.   DISCUSSION

As demonstrated above, Plaintiff has failed to comply with the Orders of the Court, despite multiple warnings that failure to respond to the Court's Orders would result in dismissal of this case. Plaintiff has also failed to prosecute this case. He has failed to respond to Defendants Motion to Dismiss (ECF No. 42), the Court's Show Cause Order (ECF No. 44), and the Court's Final Scheduling Order (ECF No. 40). Plaintiff has been provided adequate notice and opportunity to respond. Accordingly, this case should be dismissed without prejudice for failure to follow the Court's Orders and failure to prosecute.

## IV.   CONCLUSION

For the foregoing reasons, I recommend the Defendant's Motion to Dismiss (ECF No. 42) be **GRANTED** and the above styled case be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Court's Orders and prosecute this action. *See* Fed. R. Civ. P. 41(b).

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of October 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE